## HUSE *v.* MOORE.

WHERE a demurrer is filed to the defendant's answer, it is irregular for plaintiff to take judgment before some disposition is made of the demurrer.  And where the record on appeal discloses this state of facts, and nothing more from which an abandonment of the demurrer can be inferred, the judgment will be reversed.

APPEAL from the Second Judicial District.

Plaintiff brought suit on certain promissory notes; defendant answered alleging entire failure of consideration. Plaintiff demurred to this answer on the ground that it constituted no defense to the action.

The record on appeal discloses no further proceedings in the action after the filing of the demurrer, except that on a certain day the cause came on for trial, and plaintiff appeared, and defendant not appearing, moved for judgment, and the Court thereupon ordered judgment for the amount prayed for in complaint. From this judgment the appeal is taken.

*Cook, Brownson & Hittell,* for Appellant.

*Charles E. Huse, in pro. per.* for Respondent.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

It does not appear from the record that any disposition was ever made by the Court of the demurrer interposed to the defendant's answer. Nor does it appear that there was any consent of the parties to proceed to the trial of the cause, from which an abandonment of the demurrer might be inferred. The record merely shows a complaint, an answer, a demurrer to the answer, and an order of the Court upon motion of the plaintiff, directing judgment in his favor for the amount claimed. The record should disclose the disposition made of the demurrer by the Court, or the abandonment of the demurrer, or proceedings from which an abandonment may be inferred, and if the cause was tried before a jury, their verdict, or if by the Court, its findings. The case arose before the Act of May 20th, 1861, regulating appeals, took effect. (Laws of 1861, chap. 522, sec. 1.)

Judgment reversed and cause remanded.